UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO GILDARDO BARRIOS PENA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondent. | No. 1:26-cv-02253-DAD-AC<br><br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS DUPLICATIVE<br><br>(Doc. No. 1) |

On March 23, 2026, petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE") in this case, *Barrios Pena v. Warden of the Golden State Annex Detention Facility, et al.*, 1:26-cv-02253-DAD-AC ("*Barrios Pena I*"). (*Barrios Pena I* Doc. No. 1.) Petitioner did not file a motion for temporary restraining order in *Barrios Pena I*. On March 31, 2026, petitioner, proceeding with counsel, filed a separate petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, also challenging his detention by ICE, in *Barrios Pena v. Tonya Andrews, et al.*, 1:26-cv-02474-DC-SCR ("*Barrios Pena II*"). (*Barrios Pena II* Doc. No. 1.) That same day, petitioner also filed a motion for preliminary injunction in *Barrios Pena II* requesting his immediate release. (*Barrios Pena II* Doc. No. 2.)

/////

1

Petitioner's *pro se* habeas petition filed in *Barrios Pena I* challenges his detention absent an individualized determination of whether he poses a flight risk or danger as violative of the Fifth Amendment Due Process Clause. (*Barrios Pena I* Doc. No. 1 at 17–18.) Petitioner requests his release, or alternatively, his release within 30 days unless he is provided with a hearing before an immigration judge. (*Id.* at 18.) Petitioner does not request permanent injunctive relief in his *pro se* petition filed in this case.

Petitioner's habeas petition filed on his behalf by counsel challenges his detention as violative of 8 C.F.R. §§ 241.13(i) and 241.4(1), the Fifth Amendment Due Process Clause, and 8 U.S.C. § 1231(a)(6) and *Zadvydas v. Davis*. (*Barrios Pena II* Doc. No. 1 at 10–12.) In the *Barrios Pena II* petition, petitioner requests his immediate release and an order enjoining respondents from re-detaining him unless they comply with the requirements of 8 C.F.R. §§ 241.13(i), 241.4(1). (*Id.* at 12.)

On May 4, 2026, petitioner's motion for preliminary injunction filed in *Barrios Pena II* was granted and the court ordered that petitioner be immediately released. (*Barrios Pena II* Doc. No. 9.) The court further enjoined and restrained respondents from re-arresting or re-detaining petitioner absent compliance with constitutional protections, which include, at a minimum, strict compliance with the requirements of 8 C.F.R. § 241.13(i). (*Id.*)

The petition filed in *Barrios Pena I* appears to be duplicative of the petition filed in *Barrios Pena II*. While the petition in *Barrios Pena II* asserts additional claims, the petitions filed in *Barrios Pena I* and *Barrios Pena II* both challenge petitioner's detention by ICE and allege that his detention violates the Due Process Clause. (*Barrios Pena I* Doc. No. 1 at 17–18; *Barrios Pena II* Doc. No. 1 at 10–12.) Further, both petitions request petitioner's immediate release. (*Id.*) Therefore, the court finds that the petition before this court, *Barrios Pena I*, is duplicative of the petition filed in *Barrios Pena II*, and the court will dismiss this case. *See M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1091 (9th Cir. 2012) ("It is well established that a district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims."); *see also Singh v. Warden of the California City Det. Facility*, No. 1:26-cv-02074-DC-AC, 2026 WL 1071684, at *2 (E.D. Cal. Apr. 8, 2026), *report and recommendation*

2

*adopted*, 2026 WL 1069726 (E.D. Cal. Apr. 20, 2026) (recommending dismissal of an earlier filed petition for writ of habeas corpus as duplicative when the requested relief was granted pursuant to a later filed petition).

For the reasons explained above, this action is dismissed because it is duplicative of *Barrios Pena v. Tonya Andrews, et al.*, 1:26-cv-02474-DC-SCR (*Barrios Pena II*) and the Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**May 6, 2026**__                    _____
                                                                      DALE A. DROZD
                                                                      UNITED STATES DISTRICT JUDGE

3